## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| JUSTIN MCFARLAND<br>34759 Bainbridge Road<br>North Ridgeville, Ohio 44039,<br><br>     Plaintiff,<br><br>   v.<br><br>BECKETT AIR, INCORPORATED<br>37850 Beckett Parkway<br>North Ridgeville, Ohio 44039,<br><br> **Serve Also:**<br><br> BECKETT AIR, INCORPORATED<br> c/o Fauver Corporate Services, Inc.<br> Registered Agent<br> 409 East Avenue, Suite A<br> Elyria, Ohio 44035,<br><br>and,<br><br>LEAH DWIGHT<br>3611 Galloway Road<br>Sandusky, Ohio 44870<br><br>     Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff, Justin McFarland, by and through undersigned counsel, as his Complaint against Defendants Beckett Air, Incorporated, and Leah Dwight states and avers the following:

### PARTIES, JURISDICTION, AND VENUE

1. McFarland is a resident of the City of North Ridgeville, Lorain County, Ohio.

2. At all times herein, McFarland was acting in the course and scope of his employment.

3. Beckett Air, Incorporated ("Beckett") is a domestic corporation that does business at 37850 Beckett Parkway, North Ridgeville, Ohio 44039.

4. Beckett is and, at all times herein, was an employer within the meaning of 42 USC 12111 *et seq.*, and R.C. § 4112.01 *et seq.*

5. Leah Dwight ("Dwight") is a resident of the State of Ohio.

6. At all times herein, Dwight was acting in the course and scope of her employment.

7. Dwight is an individual within the meaning of R. C. 4112.01 *et seq.* who aided, abetted, or assisted in the discriminatory conduct committed by Beckett.

8. All of the material events alleged in this Complaint occurred in Lorain County.

9. Personal jurisdiction is proper over Beckett pursuant to R.C. § 2307.382(A)(1) and (4).

10. Personal jurisdiction is proper over Dwight pursuant to R.C. § 2307.382(A)(1) and (4).

11. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that McFarland is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 *et seq.*

12. This Court has supplemental jurisdiction over McFarland's state law claims pursuant to 28 U.S.C. § 1367 as McFarland's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

14. McFarland is a former employee of Beckett.

15. McFarland was hired by Beckett on July 6, 2022.

16. Beckett employed McFarland as a production associate.

17. Dwight did not participate in the decision to hire McFarland.

18. McFarland was married to Nicole McFarland, who also was employed by Beckett.

19. McFarland's relationship with Nicole was known to Defendants.

20. Nicole suffered from thyroid disease, chronic pain, and rheumatoid arthritis. ("Nicole's Disabilities")

21. Nicole's Disabilities affect the neurological body system.

22. Nicole's Disabilities are diseases.

23. Nicole's Disabilities are physical impairments.

24. Nicole's Disabilities substantially limit one or more major life activities.

25. Nicole's has a record of Nicole's Disabilities.

26. As a result of Nicole's Disabilities, Nicole is and was considered disabled within the meaning of 42 U.S.C. § 12101 *et seq.*

27. As a result of Nicole's Disabilities, Nicole is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

28. McFarland disclosed Nicole's Disabilities to Defendants.

29. Nicole disclosed Nicole's Disabilities to Defendants.

30. In the alternative, Defendants perceived Nicole as being disabled.

31. In the alternative, the Defendants perceived that Nicole's Disabilities constituted mental impairments.

32. Nicole's Disabilities substantially impaired one or more major life activities, including working, living, grabbing, holding, lifting, pushing, pulling, bending, sitting, standing, sleeping, walking, moving, and quickly accomplishing physical tasks.

33. Despite this actual or perceived disabling condition, Nicole was still able to perform the essential functions of her job with or without reasonable accommodations.

34. Nicole requested reasonable accommodations for Nicole's Disabilities from Beckett in or around the summer of 2022.

35. Nicole requested a reasonable accommodation that she be allowed to work at a slower pace due to Nicole's Disabilities ("Nicole's Accommodation Request")

36. Nicole's Accommodation Request would not cause Defendants an undue hardship.

37. Defendants denied Nicole's Accommodation Request.

38. Dwight did not participate in the decision to hire McFarland or Nicole.

39. On or around September 1, 2022, Beckett terminated Nicole's employment.

40. When Beckett terminated Nicole's employment, it also terminated McFarland's employment ("Termination").

41. Defendants discriminated against McFarland based on his relationship with Nicole.

42. Defendants discriminated against McFarland based on his association with Nicole.

43. Beckett has a progressive disciplinary policy ("Discipline Policy").

44. A verbal warning is the lowest level of discipline in the Discipline Policy.

45. McFarland did not receive a verbal warning before the Termination.

46. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

47. McFarland did not receive a written warning before the Termination.

48. A termination is the highest level of discipline in the Discipline Policy.

49. Beckett knowingly skipped progressive disciplinary steps in terminating McFarland.

50. Beckett knowingly terminated McFarland's employment.

51. Beckett knowingly took an adverse employment action against McFarland.

52. Beckett knowingly took an adverse action against McFarland.

53. Beckett intentionally skipped progressive disciplinary steps in terminating McFarland.

54. Beckett intentionally terminated McFarland's employment.

55. Beckett intentionally took an adverse employment action against McFarland.

56. Beckett intentionally took an adverse action against McFarland.

57. Beckett knew that skipping progressive disciplinary steps in terminating McFarland would cause McFarland harm, including economic harm.

58. Beckett knew that terminating McFarland would cause McFarland harm, including economic harm.

59. Beckett knew that terminating Nicole would cause McFarland harm, including economic harm.

60. Beckett willfully skipped progressive disciplinary steps in terminating McFarland.

61. Beckett willfully terminated McFarland's employment.

62. Beckett willfully took an adverse employment action against McFarland.

63. Beckett willfully took an adverse action against McFarland.

64. The Termination constitutes disability discrimination.

65. Defendants terminated McFarland's employment because of Nicole's Disabilities.

66. There was a causal connection between Nicole's Disabilities and the Termination.

67. The Termination was disability discrimination.

68. As a direct and proximate result of Defendants' conduct, McFarland suffered and will continue to suffer damages.

### **COUNT I: DISABILITY DISCRIMINATION UNDER 42 U.S.C. § 12101** *et seq.*

69. McFarland restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

70. Beckett treated McFarland differently than other similarly-situated employees based on his relationship to his wife who had a disabling condition.

5

71. Beckett treated McFarland differently than other similarly-situated employees based on his relationship to his wife whom they perceived as having a disabling condition.

72. On or about September 1, 2022, Defendants terminated McFarland's employment without just cause.

73. Beckett terminated McFarland's employment based on his relationship to his disabled wife.

74. Beckett terminated McFarland's employment based on his wife's perceived disability.

75. Beckett violated 42 U.S.C. § 12101 et seq. when it discharged McFarland based on his relationship to his disabled wife.

76. Beckett violated 42 U.S.C. § 12101 et seq. when it discharged McFarland based on his wife's perceived disability.

77. Beckett violated 42 U.S.C. § 12101 et seq. by discriminating against McFarland based on his wife's disabling condition.

78. Beckett violated 42 U.S.C. § 12101 et seq. by discriminating against McFarland based on his wife's perceived disabling condition.

79. As a direct and proximate result of Beckett's conduct, McFarland suffered and will continue to suffer damages.

## COUNT II: DISABILITY DISCRIMINATION UNDER R.C. § 4112.02 *et seq.*

80. McFarland restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

81. Beckett treated McFarland differently than other similarly-situated employees based on his relationship to his disabled wife.

82. Beckett treated McFarland differently than other similarly-situated employees based on his wife's perceived disabling condition.

6

83. On or about September 1, 2022, Defendants terminated McFarland's employment without just cause.

84. Beckett terminated McFarland's employment based on his relationship to his disabled wife.

85. Beckett terminated McFarland's employment based on his wife's perceived disability.

86. Beckett violated R.C. § 4112.02 when it discharged McFarland based on his relationship to his disabled wife.

87. Beckett violated R.C. § 4112.02 when it discharged McFarland based on his wife's perceived disability.

88. Beckett violated R.C. § 4112.02 by discriminating against McFarland based on his relationship to his wife's disabling condition.

89. Beckett violated R.C. § 4112.02 by discriminating against McFarland based on his wife's perceived disabling condition.

90. As a direct and proximate result of Beckett's conduct, McFarland suffered and will continue to suffer damages.

### COUNT III: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION

91. McFarland restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

92. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

93. Dwight aided, abetted, incited, coerced, and/or compelled Beckett Air, Incorporated's discriminatory termination of McFarland.

94. Dwight aided, abetted, incited, coerced, and/or compelled Beckett Air, Incorporated's discriminatory treatment of McFarland.

7

95. Dwight violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

96. As a direct and proximate result of Beckett's conduct, McFarland has suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Justin McFarland respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Beckett Air, Incorporated to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate McFarland for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for McFarland's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Patricia Brandt*
Patricia Brandt (0099382)
Sam B. Robb (0099035)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 364-1336
Fax:    (216) 291-5744
Email: patricia.brandt@spitzlawfirm.com
            sam.robb@spitzlawfirm.com

*Attorneys For Plaintiff*

## JURY DEMAND

Plaintiff Justin McFarland demands a trial by jury by the maximum number of jurors permitted.

/s/ *Patricia Brandt*
Patricia Brandt (0099382)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

*Attorney for Plaintiff*